## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SKIVA INTERNATIONAL, INC.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**FABRIC SELECTION, INC.,**<br><br>**Defendant.** | **Civil Action No.**<br><br><br>**COMPLAINT FOR<br>DECLARATORY JUDGMENT**<br><br>**ECF CASE** |

Plaintiff, Skiva International, Inc. (hereinafter "Skiva" or "Plaintiff") by and through its undersigned attorneys, for its Complaint against Defendant, Fabric Selection, Inc. (hereinafter "Fabric Selection" or "Defendant"), alleges as follows:

### NATURE OF ACTION

1.      This is an action for declaratory judgment which arises under the copyright laws of the United States, 17 U.S.C. § 101, *et seq.*  By this action, Plaintiff seeks a declaration that they have not infringed upon the claimed copyright rights of Fabric Selection, as set forth herein.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 with respect to the claims arising under the Copyright Act, 17 U.S.C. § 101, *et seq.* and pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

3.      This Court has diversity jurisdiction over this dispute under 28 U.S.C. §1332 since this dispute exceeds $75,000 and is between citizens of different states.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because this is an

1

action brought pursuant to the Copyright Act, Defendant conducts business in this judicial

district, and a substantial part of the events giving rise to the claims occurred in this District.

## THE PARTIES

5.      Skiva International, Inc. is a corporation organized and existing under the laws of

the State of New York with a place of business located in the heart at 1407 Broadway, New

York, New York 10018.

6.      Skiva conducts its business in the wholesale apparel industry, selling, marketing,

advertising and promoting clothing to retail establishments that sell to the public.

7.      Skiva is the wholesale supplier of the products alleged to infringe Defendant's

copyright rights as asserted herein.

8.      Upon information and belief, Fabric Selection is a corporation organized and

existing under the laws of the State of California with a place of business at 800 E 14th St. Los

Angeles, CA 90021.

9.      Upon information and belief, Fabric Selection is in the business of importing,

marketing and selling woven, printed and knitted fabrics to its customers in the United States and

in New York.

10.     Upon information and belief, Fabric Selection is doing business in the State of

New York and within this district, transacts business within the State of New York and within

this district, derives revenue from intrastate and interstate commerce, and Fabric Selection is

otherwise within the jurisdiction of this Court.

11.     For example, on May 26, 2015, Fabric Selection sent a letter to Skiva alleging

copyright infringement.  In the letter, Fabric Selection's counsel demands that Skiva immediately

2

cease and desist, and if Skiva does not comply, Fabric Selection "will commence litigation" against Skiva.

12.     Since Skiva and Fabric Selection each regularly transact business in the State of New York and within this judicial district, jurisdiction in the Southern District of New York is appropriate for adjudication of the claim(s) brought herein.

## FACTUAL BACKGROUND

13.     Fabric Selection is the purported owner of a copyright in design artwork ("Fabric Selection Design") shown as part of the attached Exhibit A.

14.     Upon information and belief, based on a copyright application filed by Fabric Selection, the Fabric Selection Design purportedly has been registered by the United States Copyright Office.

15.     Upon information and belief, the Fabric Selection Design has been purportedly registered by the Copyright Office under Registration No. VAu 1-124-330.

16.     Upon information and belief, Registration No. VAu 1-124-330 is titled "Aesclin Collection 2013."

17.     Upon information and belief, Registration No. VAu 1-124-330 covers more than a single design.

18.     Upon information and belief, the effective date of Registration No. VAu 1-124-330 is February 2, 2013.

19.     On or about June 1, 2015, Skiva received a letter dated May 26, 2015 with enclosures from Fabric Selection's counsel, Michael C. Baum of the firm Resch Polster & Berger LLP.

20.     In that letter, Mr. Baum asserts, *inter alia*, that Skiva has sold "fabric or garments containing a print design that is substantially similar to and/or a derivative of a design for which [Fabric Section] owns all copyrights and intellectual property rights." Mr. Baum's letter also demands that Skiva "immediately cease and desist all sales of products bearing this design."  A copy of the letter from Mr. Baum and the accompanying enclosures, which include a "copy of the registered design" and a photograph of the accused garment, are attached hereto as Exhibit A.

21.     However, a comparison of the Fabric Selection Design and the accused garment demonstrates that the accused garment is not substantially similar to the Fabric Selection Design asserted by Fabric Selection.

22.     Upon information and belief, Fabric Selection is also not the author of the work that is the subject of the registration that it asserts.

23.     Upon information and belief, Fabric Selection learned of the sale of Skiva's garments through the sale, offer for sale, advertising, marketing and/or promotional activities of Skiva.

24.     Upon information and belief, Fabric Selection objects to all sales, offers for sale, advertising, marketing and/or promotional activities by Skiva which relate to accused garments that allegedly incorporate the Fabric Selection Design.

25.     Upon information and belief, Fabric Selection objects to all advertisements, marketing and promotional materials which contain and/or relate to accused garments that allegedly incorporate the Fabric Selection Design.

26.     Upon information and belief, Fabric Selection's explicit demand that Skiva "immediately cease and desist all sales of products bearing this design" also includes an implied

demand that Skiva cease and desist from all advertising, marketing and promotional activities that promote the sale of garments incorporating the accused design.

27.     By virtue of the foregoing, Skiva is compelled to seek a declaration from this Court that they do not infringe Defendant's copyright rights and/or that Defendant's asserted rights are invalid and/or unenforceable.

**COUNT I**
**DECLARATION OF INVALIDITY, UNENFORCEABILITY AND/OR NON-INFRINGEMENT UNDER THE COPYRIGHT ACT**

28.     Plaintiff repeats and realleges each allegation contained in paragraphs 1 through 27 as if set forth in full herein.

29.     An actual controversy has arisen and now exists between Plaintiff and Fabric Selection concerning whether Plaintiff has infringed and is infringing Fabric Selection's copyright rights.

30.     Plaintiff has advertised, marketed, offered for sale and sold the clothing alleged by Defendant to have infringed its copyright rights.

31.     Plaintiff believes and alleges that their clothing products do not infringe upon any valid copyright rights of Defendant.

32.     Plaintiff alleges that Defendant's purported copyright rights are invalid and/or unenforceable.

33.     By virtue of the foregoing, Plaintiff desire a judicial determination of the parties' rights and duties with respect to the copyright rights asserted by Fabric Selection.

34.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights as determined by the Court.

**WHEREFORE**, Plaintiff prays for a judgment against Defendant as follows:

A.  For judgment declaring that Defendant's copyright rights are invalid, void, unenforceable and/or not infringed by the clothing product(s) sold by Plaintiff;

B.  Awarding Plaintiff costs, expenses and reasonable attorneys' fees as permitted by law; and

C.  Awarding Plaintiff such other and further relief as the as the Court may deem just and proper.

**STERN & SCHURIN LLP**
Attorneys for Plaintiff
410 E. Jericho Turnpike
Mineola, New York 11501
Telephone: (516) 248-0300
Facsimile: (516) 283-0277

By:_____

Steven Stern (SS 5203)
sstern@sternschurin.com
Richard S. Schurin (RS 0199)
rschurin@sternschurin.com

Dated: June 11, 2015
Mineola, New York

6